OPINION
Appellant Cleave Marvin Jones, Jr. appeals the decision of the Stark County Court of Common Pleas that found him guilty of one count of preparation of marihuana for sale. The following facts give rise to this appeal.
In July 2000, Alliance Police Detective Donald Bartolett and Sergeant-Detective Scott Griffith began surveillance on appellant's residence. The surveillance began at appellant's residence at 554 North Webb Street, in Alliance, and continued at appellant's subsequent residence at 435 East Oxford Street, in Alliance. The officers observed a great deal of "short-stay" traffic at the residence, which tends to indicate drug activity. The officers obtained a warrant, on January 26, 2001, to search the residence at 435 East Oxford based upon the "short-stay" activity, as well as the individuals they observed at the premise whom were suspected of drug activity and tips they received from confidential informants.
The officers executed the warrant that evening. When they entered the apartment, the officers found Timothy Jones and Ernest Dobbins in the living room. Timothy Jones was seated on the living room couch with a bag of marihuana in his lap. Ernest Dobbins was seated on a nearby chair next to another bag of marihuana. The officers also observed marihuana burning in an ashtray on a coffee table in the living room.
After the officers secured Timothy Jones and Ernest Dobbins, they searched the remainder of the apartment. Sergeant Griffith discovered a large freezer bag, in a dresser in the bedroom, that contained approximately one pound of marihuana. In the dresser, Sergeant Griffith also found mailings addressed to appellant, appellant's driver's license, a rent receipt for the residence made out to appellant, appellant's birth certificate and a box of checks drawing on an account in appellant's name. Other officers assisting in the search found two sets of scales and a couple open boxes containing clear plastic sandwich baggies. A large freezer bag was found in the living room closet and it appeared to contain a small amount of marihuana.
Appellant was not at the residence when they executed the search warrant. However, Detective Bartolett saw appellant drive by the residence shortly after the officers completed executing the warrant. Although Detective Bartolett ran after appellant, he was unable to catch him. As a result of the search, an arrest warrant was issued. A few days after the search, appellant was arrested. Following his arrest, Sergeant Griffith met with appellant and appellant informed him that he began selling marihuana a few years ago after he injured his hand and was unable to work. Appellant admitted the marihuana found in the residence belonged to him.
Following a preliminary hearing, the Alliance Municipal Court bound appellant over to the Stark County Grand Jury. On March 1, 2001, the grand jury indicted appellant on one count of preparation of marihuana for sale. This matter proceeded to trial on April 18, 2001. Following deliberations, the jury found appellant guilty. The trial court sentenced appellant to serve a determinate fourteen-month prison term.
Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED IN PERMITTING THE PROSECUTOR TO ARGUE AND PRESENT EVIDENCE REGARDING APPELLANT'S PRIOR BAD ACTS.
 II. THE EVIDENCE AT TRIAL WAS INSUFFICIENT TO SUPPORT A CONVICTION, AND THE JURY'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 III. APPELLANT WAS PREJUDICIALLY DEPRIVED OF HIS UNITED STATES AND OHIO CONSTITUTIONAL RIGHTS TO A FAIR TRIAL DUE TO THE INEFFECTIVE ASSISTANCE OF COUNSEL.
 IV. THE STATE OF OHIO'S CONDUCT DURING TRIAL CONSTITUTES PROSECUTORIAL MISCONDUCT.
 V. OTHER ERRORS WERE COMMITTED AT TRIAL NOT RAISED HEREIN BUT APPARENT ON THE RECORD.
 I
In his First Assignment of Error, appellant contends the trial court erred when it permitted the state to present evidence regarding his prior bad acts. We disagree.
The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. Therefore, we will not disturb a trial court's evidentiary ruling unless we find the trial court abused its discretion. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. It is based upon this standard that we review appellant's First Assignment of Error.
R.C. 2945.59 and Evid.R. 404(B) codify an exception to the common law with respect to the admissibility of evidence of other acts of wrongdoing. State v. Broom (1988), 40 Ohio St.3d 277, 282, certiorari denied (1989), 490 U.S. 1075. R.C. 2945.59 states:
 In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant.
Evid.R. 404(B) also addresses other crimes, wrongs or acts and provides as follows:
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
R.C. 2945.59 and Evid.R. 404(B) are to be strictly construed against the state and the admissibility of the "other acts" evidence. Broom at 282. However, if the other act does in fact tend to show by substantial proof any of those things enumerated in Evid.R. 404(B), such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident, then evidence of the other act is admissible for such limited purpose. State v. Flonnory (1972),31 Ohio St.2d 124, 126. The other act or acts offered as probative of the matter must themselves be temporarily and circumstantially connected to the operative facts of the offense alleged. State v. Burson (1974),38 Ohio St.2d 157, 159.
Appellant challenges the following testimony presented at trial by Sergeant Griffith.
 GRIFFITH: Mr. Jones advised me that he had — he was indeed selling marijuana from his residence, that he had begun to sell marijuana when he injured his hand a few years ago. Was no longer able to work and sold marijuana to make a living at that point in time.
 Mr. Jones stated that he has the lowest prices in town, that he doesn't make a lot of money off of the sale of marijuana, makes a minimum amount and that he only sells marijuana to certain select few customers that he has.
 PROSECUTOR: Mr. Jones admitted ownership of that marijuana?
GRIFFITH: Yes, he did.
 PROSECUTOR: Do you remember him stating anything else?
 GRIFFITH: He stated that he doesn't hurt anybody, that if someone owes him money for marijuana they simply don't get any more.
 MR. MITTAS: Your Honor, I'm going to object. May we approach?
* * *
 MR. MITTAS: These past couple of things I wasn't provided in discovery. I don't think I have been provided. The only statement that the Defendant made in discovery was that he doesn't sell it for very much. These other statements after that I don't think were provided in discovery.
THE COURT: Is that right?
MS. MELIA: They were not provided in discovery.
 THE COURT: All right. Then I'm going to sustain the objection.
MR. MITTAS: I would ask for an instruction.
* * *
 THE COURT: Ladies and gentlemen, I'm going to sustain the objection. Disregard the last response of the witness. You may proceed. Tr. Vol. II at 134-136.
We do not find the trial court abused its discretion and violated Evid.R. 404(B) when it permitted the above testimony into evidence. Appellant's admission concerning marihuana dealing was not admitted to prove appellant's bad character, but as evidence of his motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident in preparing marihuana for sale. Appellant's admission about dealing as well as the marihuana found in his bedroom, the short stays at his apartment and the drug paraphernalia found at his residence lead to the conclusion, beyond a reasonable doubt, that appellant prepared drugs for sale.
Appellant's First Assignment of Error is overruled.
 II
Appellant maintains, in his Second Assignment of Error, that the evidence presented at trial was insufficient to support a conviction and the jury's verdict was against the manifest weight of the evidence. We disagree.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenkins (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Martin (1983), 20 Ohio App.3d 172, 175. See, also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
In support of this assignment of error, appellant contends the jury did not have substantial, credible evidence linking him to the contraband and the illegal activity alleged. R.C. 2925.07[1], the statute under which appellant was convicted, provided as follows:
 (A) No person shall knowingly prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance when the person intends to sell or resell the controlled substance or when the person knows or has reasonable cause to believe that another person intends to sell or resell the controlled substance.
Based upon the evidence presented by the state, we find appellant's conviction is supported by the sufficiency of the evidence and is not against the manifest weight of the evidence. The evidence established that appellant lived in a residence that had been under police surveillance for a long period of time. The officers that testified at trial described significant suspicious activity at the premises, including a large amount of "short-stay" traffic. The officers also had information that a large quantity of marihuana would be at the residence that day. When the officers executed the warrant, appellant had only been away from the residence for approximately two hours.
Inside appellant's apartment, the officers discovered large quantities of marihuana in appellant's bedroom dresser. The officers also discovered a scale in the bathroom, plastic baggies and other drug preparation items, which the officers testified at trial are often used to prepare drugs for sale. The officers arrested two men, seated in the living room, who appeared to have been packaging and using marihuana. Finally, following his arrest, appellant told Sergeant Griffith that the marihuana discovered in his residence belonged to him and that he sells marihuana and began doing so a few years ago after he injured his hand and was no longer able to work. Appellant even bragged that he has the best prices in town.
The evidence at trial was sufficient to support appellant's conviction for preparation of marihuana for sale. The jury's verdict is not against the manifest weight of the evidence.
Appellant's Second Assignment of Error is overruled.
 III
Appellant maintains, in his Third Assignment of Error, that he received ineffective assistance of counsel. We disagree.
A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Strickland v. Washington (1984), 466 U.S. 668;State v. Bradley (1989), 42 Ohio St.3d 136.
In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel." Statev. Carter (1995), 72 Ohio St.3d 545, 558, citing Lockhart v. Fretwell
(1993), 506 U.S. 365, 370.
The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Bradley at 143, quoting Strickland
at 697. Accordingly, we will direct our attention to the second prong of the Strickland test.
In support of this assignment of error, appellant challenges Sergeant Griffith's testimony concerning appellant's ownership of the marihuana.
 GRIFFITH: Yes, I was contacted after [appellant's] arrest when he was being detained in the booking room at the Alliance Police Department.
PROSECUTOR: Was Mr. Jones Mirandized?
 GRIFFITH: Yes, he was. I read his Miranda warning rights to him before we spoke.
* * *
 [Appellant] advised me that he had — he was indeed selling marijuana from his residence, that he had begun to sell marijuana when he injured his hand a few years ago. Was no longer able to work and sold marijuana to make a living at that point in time.
* * *
 PROSECUTOR: [Appellant] admitted ownership of that marijuana?
GRIFFITH: Yes, he did.
 PROSECUTOR: Do you remember him stating anything else?
 GRIFFITH: He stated that he doesn't hurt anybody, that if someone owes him money for marijuana they simply don't get any more. Tr. Vol. II at 134-135.
At this point, defense counsel objected, approached the bench and asked the prosecutor whether the statements elicited by the prosecutor had been provided in pre-trial discovery. Id. at 135. During pre-trial discovery, the state provided the following information about appellant's admissions:
 [Appellant] stated marijuana was his. He does sell marijuana, but not much and sells it for less than other people. Also said preparation for sale charge could not stick because he wasn't home at time of search warrant. See State's Response to Discovery, Answer No. 2.
Because the state did not provide information, in discovery, that appellant was lenient with his delinquent customers, the trial court instructed the jury to disregard the last response of Sergeant Griffith.Id. at 136. Based upon Sergeant Griffith's testimony, appellant claims defense counsel should have requested a mistrial.
In examining the second prong of the Strickland test, we conclude appellant was not prejudiced by defense counsel's representation because we do not find the result of the trial was unreliable or the proceedings fundamentally unfair because of defense counsel's failure to request a mistrial following Sergeant Griffith's testimony. The testimony concerning appellant's leniency with delinquent customers was much less damaging than appellant's direct admissions that he sold marihuana, had the best prices in town and owned the marihuana the police discovered in his residence.
We also find it unlikely that the trial court would have granted a mistrial had it been requested by defense counsel. The Ohio Supreme Court has warned that mistrials should only be declared when the ends of justice so require and a fair trial is no longer possible. State v.Garner (1995), 74 Ohio St.3d 49, 59, certiorari denied (1996),517 U.S. 1147.
Appellant's Third Assignment of Error is overruled.
 IV
In his Fourth Assignment of Error, appellant contends the prosecutor committed misconduct when he had Sergeant Griffith testify about admissions appellant made to him and failed to provide these admissions, to defense counsel, during discovery. We disagree.
The test for prosecutorial misconduct is whether the prosecutor's conduct at trial was improper and prejudicially affected the substantial rights of the defendant. State v. Lott (1991), 51 Ohio St.3d 160, 165, certiorari denied (1990), 498 U.S. 1017. A prosecutor's conduct during trial cannot be grounds for error unless the conduct deprives the defendant of a fair trial. State v. Apanovitch (1987), 33 Ohio St.3d 19,24.
As discussed in appellant's Third Assignment of Error, the state provided defense counsel with appellant's admissions during discovery. However, the state did not provide the statement that appellant was lenient with delinquent customers and the trial court struck that portion of Sergeant Griffith's testimony. We do not find the failure to provide that statement affected the substantial rights of appellant when considering the other incriminating statements made by appellant.
Appellant's Fourth Assignment of Error is overruled.
 V
Finally, appellant claims other errors were committed at trial that were not raised, but apparent on the record. We disagree.
In support of this assignment of error, appellant cites to Anders v.California (1967), 386 U.S. 738. In Anders, appointed counsel found his indigent client's case to be wholly frivolous and without merit. The United States Supreme Court held it was error for counsel to advise the appellate court by letter without filing any motion or brief on behalf of his client.
The matter currently before this court is distinguishable from Anders
in that appellant's appellate counsel filed a brief and, in fact, assigned four other errors for review. An Anders claim under this assignment of error has no merit. A review of the record does not reveal any error which would warrant a reversal of appellant's conviction or sentence.
Appellant's Fifth Assignment of Error is overruled.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Pursuant to App.R. 24(A)(2), appellant shall pay costs in this matter.
Hon. William B. Hoffman, P. J., Hon. John W. Wise, J., Hon. John F. Boggins, J., concur.
[1] This statute was repealed on February 13, 2001.