OPINION
{¶ 1} Pursuant to leave granted under App.R. 5(A), defendant-appellant, Danny R. Draper, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty of possession of crack cocaine in violation of R.C. 2925.11. Because the trial court did not abuse its discretion in admitting evidence that defendant was found in front of a "dope house" shortly before he was stopped for a traffic offense that led to his arrest for possession of crack cocaine, did not abuse its discretion in admitting evidence that the neighborhood where defendant was apprehended was a high crime area, and did not err in instructing the jury that defendant's flight could be considered as evidence of guilt, we affirm.
 {¶ 2} On August 2, 2002, defendant was indicted for one count of possession of crack cocaine, a fourth-degree felony. A jury found defendant guilty as charged in the indictment. The trial court imposed a sentence of 15 months incarceration, suspended defendant's driver's license for one year, and assessed court costs against him. Defendant appeals, assigning the following errors:
 {¶ 3} "Assignment of Error Number One
 {¶ 4} "The defendant was denied his right to a fair trial and due process of law when improper other act evidence was admitted which tended to portray the defendant as a person who would be likely to possess drugs.
 {¶ 5} "Assignment of Error Number Two
 {¶ 6} "The defendant was deprived of his constitutional right to the effective assistance of counsel by counsel's failure to object to evidence that was improperly admitted and to an improper jury instruction."
 {¶ 7} On the evening of July 23, 2002, Columbus Police Officer Keith Kise was on routine patrol in the area of Mt. Vernon and Ohio Avenues when he noticed defendant in front of a "dope house" on Atchinson Street. (Tr. 19.) A short time later, Kise observed defendant driving a pick-up truck. Kise ran a license plate check to determine defendant's driving privileges. After the check revealed that defendant's driver's license had been suspended, Kise initiated a traffic stop of defendant's vehicle. Defendant stopped immediately, jumped out of the vehicle, and approached the cruiser. According to Kise, defendant was "very irate" and agitated. (Tr. 21.) Kise had defendant place his hands on the cruiser and informed him he was under arrest for driving without privileges. Defendant stated, "I ain't going for no ops." (Tr. 21.) Kise told defendant he would be maced if he did not do as he was told. After this exchange, defendant ran from the scene. Kise aired for backup and pursued defendant on foot.
 {¶ 8} Several officers responded to Kise's request for backup, including Officers Mark DiLello and Todd Miller. After a short foot chase, Kise and DiLello apprehended defendant. When defendant resisted their efforts to handcuff him, DiLello and Kise became concerned that defendant was concealing a weapon. Accordingly, Kise sprayed defendant with mace in order to gain control of him. Once defendant was subdued, he was arrested and placed in the back of a paddy wagon; his truck was impounded.
 {¶ 9} While Kise completed paperwork associated with the traffic stop, DiLello and Miller conducted an inventory search of defendant's truck, which was cluttered with tools and other miscellaneous objects. During the search, Miller observed a baggie containing what he believed to be crack cocaine in an open area of the dashboard. Miller reached through the open window of the truck and retrieved the baggie. Subsequent analysis of the substance contained in the baggie revealed it to be crack cocaine.
 {¶ 10} By his first assignment of error, defendant contends he was denied his right to a fair trial and due process of law when improperly admitted other acts evidence tended to portray him as a person who would be likely to possess drugs. Defendant points in particular to Kise's testimony that he observed defendant in front of a "dope house" a few minutes prior to the traffic stop, and that the neighborhood where defendant was arrested was a low-income, high-crime area with frequent drug-trafficking and narcotics and weapons arrests.
 {¶ 11} Initially, we note that defendant concedes no objection was made to the challenged evidence. Absent objection, defendant must prove plain error. State v. Kelly Franklin App. No. 02AP-195, 2002-Ohio-5797, at ¶ 26. See, also, State v. Peagler (1996), 76 Ohio St.3d 496, 499
("[g]enerally, an appellate court will not consider any error that counsel could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court"). Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "Plain error is an obvious error * * * that affects a substantial right." State v. Yarbrough (2002), 95 Ohio St.3d 227,244, rehearing denied, 96 Ohio St.3d 1441, certiorari denied,123 S.Ct. 533, quoting State v. Keith (1997), 79 Ohio St.3d 514, 518. An alleged error constitutes plain error only if, but for the error, the outcome of the trial clearly would have been different. Id. at 244-245.
 {¶ 12} However, even if defendant satisfies the requirements of the rule, "Crim.R. 52(B) does not demand that an appellate court correct it. Crim.R. 52(B) states only that a reviewing court `may' notice plain forfeited errors; a court is not obliged to correct them. [The Supreme Court has] acknowledged the discretionary aspect of Crim.R. 52(B) by admonishing courts to notice plain error `with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" State v. Barnes (2002), 94 Ohio St.3d 21, 27, quoting State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
 {¶ 13} It is well-settled that "an accused can not be convicted of one crime by proving he committed other crimes or is a bad person." State v. Jamison (1990), 49 Ohio St.3d 182, 184, rehearing denied,50 Ohio St.3d 712, certiorari denied, 498 U.S. 881, 111 S.Ct. 228. Thus, evidence that an accused has committed wrongful or criminal acts wholly independent of the crimes with which he or she is charged is inadmissible for the purpose of proving that the accused has a propensity toward committing crimes. State v. Curry (1975), 43 Ohio St.2d 66, 68; Evid.R. 404(A). However, the general rule denying admission of "other acts" evidence is subject to certain exceptions. Evid.R. 404(B) provides:
 {¶ 14} "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." See, also, R.C. 2945.59 (codifying exceptions to the admissibility of "other acts" evidence, including "any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question").
 {¶ 15} "Because R.C. 2945.59 and Evid.R. 404(B) codify an exception to the common law with respect to evidence of other acts of wrongdoing, they must be construed against admissibility, and the standard for determining admissibility of such evidence is strict. (State v. Burson [1974], 38 Ohio St.2d 157, 158-159, 67 O.O.2d 174, 175,311 N.E.2d 526, 528; State v. DeMarco [1987], 31 Ohio St.3d 191,194, 31 OBR 390, 392, 509 N.E.2d 1256, 1259, followed)." State v. Broom (1988),40 Ohio St.3d 277, paragraph one of the syllabus, certiorari denied,490 U.S. 1075, 109 S.Ct. 2089. Evidence of a defendant's other acts is admissible only when it tends to demonstrate one of the matters enumerated in the statute or evidentiary rule, and only when the evidence offered is relevant to prove that the defendant is guilty of the offense in question. See State v. Burson (1974), 38 Ohio St.2d 157, 158.
 {¶ 16} Defendant first contends that absent any other evidence of defendant's criminal conduct, Kise's testimony that he saw defendant in front of a "dope house," had little probative value when compared to the prejudicial effect of such testimony. In response, the state contends that the trial court properly admitted the evidence under the "scheme, plan or system" exception in R.C. 2945.59 because it was chronologically and factually related to the act alleged in the indictment, or it formed the immediate background for the charged crime.
 {¶ 17} In Curry, the Ohio Supreme Court held that "scheme, plan or system" evidence is relevant when the "`other acts' form part of the immediate background of the alleged act which forms the foundation of the crime charged in the indictment. In such cases, it would be virtually impossible to prove that the accused committed the crime charged without also introducing evidence of the other acts. To be admissible pursuant to this sub-category of `scheme, plan or system' evidence, the `other acts' testimony must concern events which are inextricably related to the alleged criminal act." Id. at 73. The prosecution need not demonstrate that proof of the crime charged would be virtually impossible without the contested evidence but only that "the contested evidence [is] inextricably intertwined [with what occurred] and, thus, necessary to give [a] complete picture of what occurred." State v. Wilkinson (1980),64 Ohio St.2d 308, 313. See, also, State v. Thompson (1981),66 Ohio St.2d 496, 498 (stating that "where the challenged evidence plays an integral part in explaining the sequence of events and is necessary to give a complete picture of the alleged crime," it is admissible).
 {¶ 18} Here, Kise's testimony that he had first observed defendant in front of a "dope house" provides inextricably related background information necessary to give a complete picture of the crime charged. When asked to explain what he meant by the phrase "dope house," Kise testified narcotics were often found both in the house and "out in front of the house." (Tr. 19.) Further, Kise testified he saw defendant in front of the house very shortly before the crack cocaine was discovered in his truck.
 {¶ 19} Evidence that, minutes before defendant was caught with crack cocaine, defendant was seen near a house known for frequent drug activity was permissible to explain the sequence of events and the circumstances surrounding the crime. From that evidence a reasonable jury could infer that defendant obtained the crack cocaine from the "dope house" and then placed it in the dashboard of his truck. Thus, the trial court did not abuse its discretion in admitting the testimony about the "dope house." Further, even if the testimony were improperly admitted, defendant has not demonstrated the outcome of the trial clearly would have been different had the challenged testimony been excluded, given that the evidence established not only that drugs were found in defendant's truck, but also that defendant fled from the scene.
 {¶ 20} Defendant contends Kise's testimony concerning the high incidence of drug-trafficking and narcotics and weapons arrests in the area where defendant was arrested also constitutes impermissible other acts evidence, the admission of which deprived him of a fair trial.
 {¶ 21} Initially, we note that Evid.R. 404(A) bars evidence regarding a defendant's character and evidence of the defendant's other acts to demonstrate that character. The evidence challenged here refers to the character of the neighborhood and the general acts of the people in the neighborhood, not the character or other acts of defendant. See State v. Attaway (Apr. 5, 2001), Cuyahoga App. No. 77641, appeal not allowed, 93 Ohio St.3d 1410. Defendant's challenge to the evidence concerning the neighborhood is probably more conducive to review under Evid.R. 402, speaking to the inadmissibility of irrelevant evidence, or Evid.R. 403(A), addressing the inadmissibility of relevant evidence if its probative value is substantially outweighed by danger of unfair prejudice.
 {¶ 22} Although references to an area being a high-crime area, in some circumstances, may be irrelevant or prejudicial, see State v. Santiago, Franklin App. No. 02AP-1094, 2003-Ohio-2877, at ¶ 26, citing State v. Maddox (June 29, 2001), Montgomery App. No. 18389, appeal not allowed, 93 Ohio St.3d 1459, the trial court's allowing the testimony under the circumstances of this case did not prejudice defendant. In Santiago, this court concluded that prosecutors' and witnesses' repeated references to the high-crime nature of the location where the defendant allegedly murdered the victim were not prejudicial, even though irrelevant, where the defendant's own counsel also referred to the area as a high-crime area. According to Santiago, such references may have been part of defense counsel's trial strategy to demonstrate, among other things, that someone else may have murdered the victim.
 {¶ 23} Similarly, in State v. Collier (Aug. 20, 1998), Franklin App. No. 97APA11-1459, this court concluded that defense counsel's decision not to object to numerous references to the location as a high drug-dealing area fell within the ambit of trial strategy. In so finding, this court noted that in closing argument, defense counsel defined the issue in the case to be whether the defendant possessed the rock of crack cocaine; counsel then argued that because the police officers did not discover the rock immediately after it had allegedly been tossed in a "known crack area," the rock "could have been from somebody else." See, also, State v. Montgomery (May 31, 1996), Montgomery App. No. 15232 (concluding admission of evidence regarding high-crime activity in an area was not error, given that the defense's own theory was that the crack cocaine could have been dropped by someone other than the defendant).
 {¶ 24} Here, in cross-examining Kise, defendant, through counsel, was able to elicit testimony from Kise that his references to the neighborhood's being a high-crime area should not be construed as an inference that defendant's presence there meant defendant was involved in criminal activity. Moreover, like Santiago and Collier, defense counsel's references to the neighborhood's being a high-crime area may have been part of defendant's trial strategy that attempted to demonstrate that, given the neighborhood, someone else may have placed the crack cocaine in defendant's truck. Indeed, in closing argument, defendant argued the state had not presented sufficient evidence to establish that defendant had any knowledge the cocaine was in the truck. In so arguing, counsel suggested that because the windows in defendant's truck were open when the crack cocaine was discovered, the truck was unsecured and thus "open to the public." (Tr. 133.)
 {¶ 25} Thus, admission of evidence regarding the high-crime nature of the neighborhood was not reversible error; even if such testimony be irrelevant, it was not prejudicial. See Santiago; Montgomery; State v. Martin (Mar. 22, 1994), Franklin App. No. 93APA07-988 (concluding the suggestion that events forming the basis for the defendant's drug-abuse conviction took place in a high-crime area was not relevant to the charge, but also was not prejudicial). Defendant's first assignment of error is overruled.
 {¶ 26} Defendant's second assignment of error asserts his trial counsel was ineffective in failing to object to the evidence referenced in the first assignment of error and in failing to object to an allegedly improper jury instruction.
 {¶ 27} "In order to prevail on an ineffective assistance of counsel claim, a defendant must meet the two-prong test enunciated in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674. Initially, defendant must show that counsel's performance was deficient. To meet that requirement, defendant must show that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed by the Sixth Amendment. Defendant may prove counsel's conduct was deficient by identifying acts or omissions that were not the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. Id. at 690.
 {¶ 28} "Next, if defendant successfully proves that counsel's assistance was ineffective, the second prong of the Strickland test requires defendant to prove prejudice in order to prevail. Id. at 692. To meet that prong, defendant must show counsel's errors were so serious as to deprive defendant of a fair trial, a trial whose result is reliable. Id. at 687. See, also, State v. Underdown (1997), 124 Ohio App.3d 675,679, 707 N.E.2d 519. A defendant meets the standard with a showing `that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' Id. at 694." State v. Johnson (May 30, 2000), Franklin App. No. 99AP-753.
 {¶ 29} Defendant first contends his trial counsel performed deficiently in failing to object to Kise's testimony regarding (1) defendant's presence in front of a "dope house" and (2) the high-crime nature of the area in which defendant was arrested. Because, as noted, the trial court did not err in admitting the challenged testimony, trial counsel was not ineffective in failing to object to the testimony. An attorney is not ineffective for failing to raise an objection which would have been denied. State v. Gibson (1980), 69 Ohio App.2d 91, 95. Since admission of the evidence was not error, counsel's failure to object was not prejudicial.
 {¶ 30} Defendant next maintains his trial counsel was ineffective in failing to object to the trial court's allegedly improper jury instruction that stated defendant's flight and related conduct may be considered as evidence of consciousness of guilt. Defendant does not contend the instruction lacks evidentiary support. Indeed, defendant concedes that Kise's testimony established defendant ran from the scene shortly after defendant was told he was being arrested for not having valid driving privileges. Rather, defendant contends that whenever a trial court instructs the jury that flight may be considered as evidence of consciousness of guilt, the court abandons its neutral role of instructing the jury as to the law and instead expresses an opinion as to what the evidence established.
 {¶ 31} The Eleventh District Court of Appeals in State v. Wagner (July 14, 2000), Lake App. No. 99-L-043, considered and rejected the same argument, stating that "appellant objects to the trial court's instruction which stated that evidence of flight by the defendant may be used as evidence of consciousness of guilt. Appellant offers two reasons why the flight instruction is wrong and unwarranted in almost every case. First, there may be numerous explanations for flight, many entirely innocent, and second, it constitutes an invasion of the jury's function because it directs the jury to an issue that it should reach on its own. He claims that the highlighting of one particular piece of evidence is improper."
 {¶ 32} In rejecting the argument, the Wagner court explained that it "has repeatedly upheld a flight instruction similar to the one used by the trial court in the case sub judice. State v. Martin (Apr. 28, 1995), Lake App. No. 93-L-015, unreported; State v Owens (June 28, 1996), Lake App. No. 95-L-078, unreported; and State v. Davis (Apr. 24, 1998), Lake App. No. 96-L-167, unreported. The Supreme Court of Ohio agrees. State v. Williams (1997), 79 Ohio St.3d 1, 11, 679 N.E.2d 646."
 {¶ 33} As the Wagner court noted, in Williams, certiorari denied,522 U.S. 1053, 118 S.Ct. 703, the Ohio Supreme Court stated that "`[i]t is today universally conceded that the fact of an accused's flight, escape from custody, resistance to arrest, concealment, assumption of a false name, and related conduct, are admissible as evidence of consciousness of guilt, and thus of guilt itself.'" Id. at 11, quoting State v. Eaton (1969), 19 Ohio St.2d 145, vacated on other grounds (1972), 408 U.S. 935, 92 S.Ct. 2857, quoting 2 Wigmore, Evidence (3 Ed.) 111, Section 276. Pursuant to Williams, the trial court did not err in instructing the jury members they could consider defendant's flight as evidence of consciousness of guilt, but were not required to do so. Accordingly, defense counsel could not have been ineffective in failing to raise an objection which properly would have been overruled. State v. Teasley (Aug. 17, 1995), Cuyahoga App. No. 67819, appeal not allowed,74 Ohio St.3d 1497. Defendant's second assignment of error is overruled.
 {¶ 34} Having overruled both of defendant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
LAZARUS and WATSON, JJ., concur.