THE STATE OF OHIO, APPELLEE, *v.* BURSON, APPELLANT.

(No. 73-822—Decided May 15, 1974.)

*Mr. David D. Dowd, Jr.*, prosecuting attorney, and *Mr. Dale T. Evans*, for appellee.

*Mr. Albert S. Rakas* and *Mr. Lawrence W. Vuillemin*, for appellant.

*Per Curiam.* During the course of the trial, the prosecution called as a witness one Donald H. Hattery. Hattery testified, over objection, that approximately four years earlier, while at a bar known as the Texas Grill, he was approached by appellant and was asked for a sum of money which appellant claimed Hattery owed him. Hattery testified further that when he refused to give appellant any money, appellant severely beat him and took his money. As part of the testimony of Hattery, the prosecution intro-

duced two photographs depicting the facial injuries suffered by Hattery as a result of the beating.

Appellant contends that the testimony of Hattery was inadmissible as it did not come within the scope of R. C. 2945.59, which permits, for limited purposes, proof of other acts of a defendant in a criminal case. The state maintains that Hattery's testimony was properly admissible under that statute, as tending to show appellant's absence of mistake or accident, his scheme or plan in committing robbery and his identity.

R. C. 2945.59 provides:

"In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."

This court has, thus far, permitted this statute to operate as an exception to the general rule that the introduction of evidence tending to show that the accused has committed any crime unconnected with the offense for which he is on trial is not permitted. *State* v. *Hector* (1969), 19 Ohio St. 2d 167, 249 N. E. 2d 912. Therefore, R. C. 2945.59 must be strictly construed against the state. See *State* v. *Strong* (1963), 119 Ohio App. 31, 196 N. E. 2d 801.

Nowhere do the words "like" or "similar" appear in the statute. Prosecutors and trial courts should be particularly aware that evidence of other acts of a defendant is admissible *only* when it "tends to show" one of the matters enumerated in the statute and *only* when it is relevant to proof of the guilt of the defendant of the offense in question. Such evidence is admissible, not because it shows that the defendant is crime prone, or even that he has committed an offense similar to the one in question, but in spite of such facts. *Hector, supra.*

Where evidence of other acts of the defendant is sought to be introduced for the purpose of showing his identity, by his common scheme, plan, or system of committing an offense, the standard for determining admissibility is strict. In *Hector, supra*, at page 177, it is stated:

"The legal determination, by comparison of the plan, scheme, or method employed in a prior crime with the plan, system or method employed in the crime in question, of whether the former is relevant to the issue of identity of the perpetrator of the latter, must be made without consideration of the fact that eyewitnesses have identified the same person as the perpetrator of both crimes.

"There must be some similarity of methodology employed which *itself* would constitute probative evidence of the probability that the same person (whoever he might be) committed both crimes. In such event, eyewitness proof of the identity of the perpetrator of the prior offense is relevant proof on the issue of the identity of the perpetrator of the offense in question."

When the purpose of evidence of other acts is to show the absence of mistake or accident on the part of the defendant in committing the offense charged, it must be shown that a connection, in the mind of the defendant, must have existed between the offense in question and the other acts of a similar nature. See *State* v. *Moore* (1948), 149 Ohio St. 226, 78 N. E. 2d 365. The other acts of the defendant must have such a temporal, modal and situational relationship with the acts constituting the crime charged that evidence of the other acts discloses purposeful action in the commission of the offense in question. The evidence is then admissible to the extent it may be relevant in showing the defendant acted in the absence of mistake or accident.

In the present case, the conduct of appellant towards Hattery, as testified to by the latter, was of such a nature that it was not indicative of appellant's scheme or plan, his identity, or his absence of mistake or accident. It only served to show that appellant was an intemperate and violent individual. The introduction of the photographs of Hattery's face, taken subsequent to the beating, com-

160

pounded the error and placed appellant in the position of defending not only against the offense charged in the indictment, but also against the prior beating and robbing of Hattery. Such evidence was outside the purview of R. C. 2945.59 and its admission constituted prejudicial error.

Appellant also contends that, because of a common-law marriage between himself and Betty Swogger, the trial court erred in allowing her to testify at the trial. However, he concedes that the proponent of such a union must prove each of the elements thereof by clear and convincing evidence. The trial court, after a full evidentiary hearing, concluded that appellant had failed to carry his burden of proving the common-law marriage and allowed Betty Swogger to testify. The court's conclusion is sufficiently supported by the evidence contained in the record and will not be disturbed.

Finally, appellant contends that the trial court erred when it admitted in evidence statements made by him during his interrogation at the police station. The bases for his contention are that he was not apprised of the charges against him prior to interrogation, that he was denied his right to remain silent and that his right to counsel during interrogation was abridged. However, prior to interrogation appellant was informed that he was being questioned in connection with the assault and battery, robbery and death of Claire Griffith. It also appears that appellant voluntarily, knowingly and intelligently waived his right to remain silent and his right to retained or appointed counsel. Therefore, his statements made during the interrogation were properly admitted at his trial.

The judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Common Pleas for further proceedings.

*Judgment reversed.*

O'Neill, C. J., Herbert, Corrigan, Stern, Celebrezze and W. Brown, JJ., concur.

P. Brown, J., dissents.