THE STATE OF OHIO, APPELLEE, *v.*
DEPINA, APPELLANT. ■

(No. 1283—Decided January 25, 1984.)

*Gregory W. Happ,* prosecuting attorney, for appellee.

*Reginald S. Kramer,* for appellant Darrell P. DePina.

BAIRD, J. Defendant appeals his convictions for kidnapping and rape. We affirm.

Defendant and the victim were at the Midnight Jam Bar in Brunswick, Ohio on the evening of December 25, 1982. According to the victim's testimony she met defendant, who identified himself as "Patrick," at about midnight, after which the following events took place. Defendant bought her a beer, danced with her, accompanied her to her table, and gave her his phone number. While defendant was at the table a beer was knocked over and spilled on the blouse of one of the victim's friends, which event was apparently blamed on defendant. Defendant replaced the beer and offered to pay for the blouse. Defendant claimed he had the money to pay for the blouse in his car and the victim accompanied defendant outside. Defendant told her his car was not in the parking lot for the Midnight Jam, but was parked across the street. Once across the street defendant seized her, threatened her with a knife, dragged her into a wooded area, forced her to disrobe, removed his jacket and placed it on the ground for her to lie on, and raped her vaginally. Defendant eventually allowed her to dress, and escorted her out of the woods and back toward the Midnight Jam. When they reached the road, the victim flagged down a truck and asked the driver to take her to the police station. The driver identified defendant as the man he observed with the victim.

Another witness identified defendant as the man who had raped her in 1977. The state offered this evidence pursuant to Evid. R. 404(B) and R.C. 2945.59. According to this witness, defendant stopped her on the pretext of fixing the handlebars of her bicycle and told her his name was "Mark." She testified that defendant threatened her, took her into the woods and directed her to undress. Defendant removed his shirt and placed it on the ground for her to lie on. Defendant then raped her vaginally,

allowed her to dress, and escorted her out of the woods.

After trial to a jury defendant was found guilty of both kidnapping and rape. On appeal defendant assigns the following errors:

### Assignment of Error 1

"The trial court erred in permitting the testimony of Susan Agnew as to a prior act of rape occurring on May 19, 1977, due to the fact that the testimony was inadmissible under Rule 404(B) of the Ohio Rules of Evidence and under Section 2945.59 of the Ohio Revised Code."

Evid. R. 404(B) is in accord with R.C. 2945.59. See Staff Note to Evid. R. 404. Under Evid. R. 404(B), evidence of other acts of the accused may be admissible for purposes other than to prove the defendant's character to show he acted in conformity therewith. Proof of one of the other purposes outlined in Evid. R. 404(B) must go to an issue which is material to proof of the defendant's guilt for the crime with which he is charged. *State v. Burson* (1974), 38 Ohio St. 2d 157 [67 O.O.2d 174]. In this case defendant's identity as the rapist was both controverted and material. Identity is one of the purposes specifically mentioned in Evid. R. 404(B) for which other acts evidence may be offered.

"* * * One recognized method of establishing that the accused committed the offense set forth in the indictment is to show that he has committed similar crimes within a period of time reasonably near to the offense on trial, and that a similar scheme, plan or system was utilized to commit both the offense at issue and the other crimes. * * *" *State v. Curry* (1975), 43 Ohio St. 2d 66, 73 [72 O.O.2d 37].

The method of which *Curry* speaks is aimed at proving the existence of a definite course of conduct including the completion of the crime in question. 2 Weinstein's Evidence (1982) 404-89, Section 404[16](2). Logic requires that similar acts admissible under this method must have occurred reasonably near the offense in question, both in time and place. This method of proving identity is separate and distinct from identification based on a unique pattern of committing the offense. 2 Weinstein's Evidence, *supra,* at 404-92, Section 404[16](3). While other acts evidence aimed at showing an idiosyncratic pattern of conduct should not be so remote from the offense charged as to render them non-probative, logic does not require that they necessarily be near the offense at issue in both place and time. See *State v. Mostade* (Oct. 11, 1979), Summit App. No. 9272, unreported. The key to the probative value of such conduct lies in its peculiar character rather than its proximity to the event at issue.

We have reviewed the evidence presented concerning the prior act and conclude that there are sufficient unusual characteristics common to that rape and the rape at issue to render the prior act testimony admissible. Under the facts and circumstances presented in this case, we also conclude that the prior act was not so remote from the offense at issue as to destroy the probative value of that testimony. Accordingly, we overrule this assignment of error.

### Assignment of Error 2

"The trial court erred in sentencing Darrell DePina to both the rape and kidnapping convictions because they are crimes of similar import, and there was insufficient evidence to establish the existence of a separate animus to commit both crimes."

The victim was induced out of the bar by deception, then forcibly removed to a secluded area where she was raped. Under these facts there was an asportation by deception which constituted a kidnapping and which was significantly independent from the asportation in-

cidental to the rape itself. We conclude that this conduct resulted in the commission of two separate offenses. *State* v. *Ware* (1980), 63 Ohio St. 2d 84 [17 O.O.3d 51].

Accordingly, we overrule this assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

MAHONEY, P.J., and GEORGE, J., concur.