Being unable to agree with the majority's application of R.C. 2941.25, I respectfully dissent in part.
Kidnapping and rape can be allied offenses of similar import, and a defendant may only be punished for both offenses if they are committed separately or with a separate animus as to each within the meaning of R.C. 2941.25(B). See State v.Price (1979). 60 Ohio St.2d 136, paragraph five of the syllabus, approving and following State v. Donald (1979),57 Ohio St.2d 73; and State v. Logan (1979), 60 Ohio St.2d 126. Thus, "[a]lthough every rape necessarily involves kidnapping for the purpose of commission of the rape, it is only when the same conduct of the defendant is involved in committing both offenses that the statute precludes conviction of both." Statev. Thomas (Aug. 5, 1986), Franklin App. No. 85AP-414, unreported (1986 Opinions 2010, 2013). Accordingly, appellant cannot be sentenced for kidnapping and rape in the instant case unless those offenses were committed separately or they were committed with separate animus.
The record indicates that the offenses here were committed separately. The victim testified that defendant induced her to allow him to drive her to the hospital and then transported her some distance in the opposite direction from the hospital before the struggle and eventual rape occurred. Under those facts, the act of asportation by deception that constituted the kidnapping was significantly independent from the asportation incidental to the rape itself. See, e.g., State v.Ware (1980). 63 Ohio St.2d 849, 87; State v. DePina (1984),21 Ohio App.3d 91, 92093 (finding kidnapping by deception to be a separate act from rape where victim was induced by deception to accompany her assailant from a bar to a car purportedly parked across the street and then dragged to a woods where she was raped); Thomas, supra (finding no merger of rape and kidnapping offenses where victim was kidnapped in a public hallway and forced to walk down a hall to a locked restroom and into a confined toilet stall). Because the kidnapping constituted a "separate act" in relation to the rape, I do not address whether the rape and kidnapping were committed with a separate animus.
Accordingly, I would find the trial court did not err in sentencing appellant for both offenses, and would overrule appellant's second assignment of error in its entirety.