OPINION
{¶ 1} This appeal is brought by Joshua Snyder from the judgment of the Juvenile Division of the Common Pleas Court of Logan County finding the juvenile defendant a serious youthful offender and sentencing him to five years with the Ohio Department of Corrections.
 {¶ 2} On August 3, 2002, the home at 500 N. Madriver in Bellefontaine was burglarized by a group of boys. The following facts were developed at the trial of Joshua Snyder. Four boys met at a friend's residence on N. Elm Street in Bellefontaine where they first discussed and agreed to go to the house at 500 N. Madriver. Upon arrival, once they determined that no one was in the residence, the boys agreed to burglarize it. Once inside the residence, the four boys went directly upstairs to the master bedroom where they took belongings from a gun cabinet and a gun from under the mattress. The owner of the residence reported money, rare collectible coins and a handgun taken during the burglary. The boys then returned to the home on N. Elm Street where they divided up the coins and showed their loot to others who were at the home.
 {¶ 3} Later in the evening, one of the boys involved in the burglary, Jonathon Evans, was stopped by an officer of the Bellefontaine Police Department for a curfew violation. One of the stolen rare coins was discovered in Jonathon's possession and he was taken into custody. The officer questioned Jonathon regarding the coin's unique condition and learned that Jonathon had acquired the coin from the burglary that had taken place earlier that evening. After learning from Jonathon the identity of the other boys involved in the burglary, officers were sent to the home on 500 N. Madriver and to the home on N. Elm Street. The other three boys involved in the burglary were found at the N. Elm Street home where they were arrested.
 {¶ 4} Three of the four boys admitted to participating in the burglary. Dale Evans and Terrance Kipker were charged as adults and both pled guilty to the charges against them. Jonathon Evans was charged as a juvenile and also pled guilty. Joshua Snyder, age 16 at the time of the offense, was indicted on charges of complicity to burglary, complicity to commit theft and receiving stolen property and pled not guilty. The State gave notice in the indictment that it was seeking a serious youthful offender dispositional sentence.
 {¶ 5} Joshua gave statements to law enforcement that denied his involvement in the burglary although he admitted going over to the house on Madriver. Joshua first claimed that he left the area when he realized the intention of the other boys to burglarize the residence. Later, Joshua admitted that he knew, before going over to the residence, that the plan was to break into the residence if no one answered the door. Aware of the plan, Joshua knocked on the door of the residence. Joshua maintained that he did not enter the house, but did admit to receiving at least one of the stolen coins.
 {¶ 6} On November 21, 2002, the State filed a motion in limine to admit evidence of a prior burglary committed by Joshua Snyder. Arguments were presented by both sides and in its judgment entry dated December 13, 2002, the court ruled the evidence admissible under Evid.R. 404(B) for the limited purpose of proving the juvenile's knowledge and plan. The case was tried to a jury on December 18, 2002. Dale, Terrance and Jonathon all testified at Joshua Snyder's trial that Joshua participated in the burglary. In addition, Officer Blake Kenner of the Bellefontaine Police Department testified regarding his involvement in investigating the prior burglary at 500 N. Madriver in June of 2000. Officer Kenner testified that Joshua Snyder confessed to the burglary of the residence in June of 2000 and read into evidence a statement written by Joshua about the burglary. The written statement indicated that Joshua had knowledge of the home and the location of guns and coins in a gun cabinet within the home. The written statement also indicated the Joshua knew how to break into the gun cabinet. The Chief Deputy Clerk of the Juvenile Division, Arleen Beatty, also testified as to the accuracy of the certified copy of the adjudication of Joshua Snyder in the burglary of 2000. The written statement of Joshua and a certified copy of the adjudication for the prior burglary offense were admitted into evidence.
 {¶ 7} On December 19, 2002, the jury returned "guilty" verdicts on all three counts. On January 9, 2003, the court held a dispositional hearing and found that a serious youthful offender sentence was appropriate for Joshua Snyder. The court sentenced Joshua to five years with the Ohio Department of Corrections. The sentence was stayed pending successful completion of a traditional juvenile disposition. Joshua was then sentenced for a minimum term of eighteen months, maximum term until his twenty-first birthday at the Department of Youth Services. It is from this order that Joshua Snyder now appeals, raising the following assignment of error.
The court erred by permitting prior bad acts to be entered asevidence.
 {¶ 8} Joshua Snyder challenges the trial court's admission of other acts evidence under Rule 404(B) of the Ohio Rules of Evidence. The state is prohibited by Evid.R. 404(A) from offering extrinsic evidence of the defendant's bad character to prove that the defendant engaged in conforming conduct to commit the crime alleged. In addition, evidence of prior or subsequent crimes, wrongs or acts that are wholly independent of the offense for which the defendant is currently charged is generally not admissible in the defendant's criminal trial. State v. Smith (1990),49 Ohio St.3d 137, 139, 551 N.E.2d 190. Exceptions to this rule are listed in Evid.R. 404(B) and the admission of such evidence is limited by Evid.R. 403. Evid.R. 404(B) states:
Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
Evid.R. 404(B). "Accordingly, extrinsic acts may not be used to prove the inference that the accused acted in conformity with his other acts or that he has a propensity to act in such a manner." State v. Harrington
(2002), Logan App. No. 8-01-20; 2002-Ohio-2190, ¶ 20; 2002 WL 987836, * 4; Smith, supra at 140. Evid.R. 404(B) creates an exception for evidence when it is probative of certain matters identified in the rule; however, the matter concerned must also genuinely be in issue. State v.Smith (1992), 84 Ohio App.3d 647, 617 N.E.2d 1160. Evidence of other acts committed by a criminal defendant will sometimes be admissible but, "notbecause it shows that the defendant is crime prone, or even that he has committed an offense similar to the one in question, but in spite of such facts." State v. DeMarco (1987), 31 Ohio St.3d 191, 194, 509 N.E.2d 1256, quoting State v. Burson (1974), 38 Ohio St.2d 157, 158, 311 N.E.2d 526. (emphasis added) Furthermore, even if the other acts evidence is relevant to some other material issue at hand, it must be excluded if the probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.Harrington, supra; Evid.R. 403(A).
 {¶ 9} Joshua Snyder argues that the admission of the prior bad acts evidence was unfairly prejudicial and had the effect of unduly influencing the jury. When dealing with the issue of whether to admit evidence under Evid.R. 404(B), in which the evidence is properly admitted for one purpose, but not properly admitted for another purpose, the court must consider Evid.R. 403 in conjunction with Evid.R. 105. State v.Roberts (Dec. 2, 1987), Ohio App.4th Dist. No. 1386, 1987 WL 26254.
 {¶ 10} "A trial court has broad discretion with respect to the admission or exclusion of evidence, and its decision in such matters will not be reversed on appeal unless the trial court has abused its discretion and material prejudice has resulted therefrom." State v. Hawn
(2000), 138 Ohio App.3d 449, 457, 741 N.E.2d 594. Abuse of discretion implies that the decision of the trial court was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140. For the reasons we set forth below, we find that the trial court properly administered a limiting instruction to the jury regarding the other acts evidence and that such instruction, taken together with the probative value of the evidence, adequately protected Joshua Snyder from the risk of unfair prejudice.
 {¶ 11} In this case, the State filed a motion in limine to admit evidence of a prior burglary committed by Joshua Snyder. The State indicated that it planned to introduce the judgment entry of the conviction of burglary and testimony of Officer Kenner describing his interview with Joshua Snyder regarding the burglary in 2000. The State argued that evidence from the 2000 case provided crucial information for the jury to consider regarding Joshua Snyder's knowledge in the present case. Joshua Snyder objected to the admission of the evidence of his prior adjudication as unduly prejudicial. Joshua Snyder offered to stipulate that he had knowledge of the residence at 500 N. Madriver due to the fact that he had stayed the night at the Hitzeman residence before. The trial court granted the State's motion in limine finding "that the prior conviction/adjudication and the statements made by Joshua to Officer Kenner clearly show his knowledge of the home and where guns and valuables are kept in the home. It is also indicative of a plan by Joshua Snyder to aid his co-defendants in burglarizing the home in the case at hand." Dec. 13, 2002, Pre-Trial Judgment Entry, p. 2.
 {¶ 12} Joshua Snyder objected to the admission of the certified copy of the adjudication for the burglary in 2000 and his written statement regarding that offense as evidence at trial and the objection was overruled. The admission of evidence is left to the discretion of the trial court. Here, the trial court considered the issue and ruled that the prior bad acts were admissible under Evidence Rule 404(B) for the purpose of showing knowledge and plan. The evidence was admitted for a proper purpose and was not unduly prejudicial to Joshua Snyder. We do not find an abuse of discretion with the ruling regarding these forms of evidence.
 {¶ 13} However, these were not the only instances of other acts evidence that were admitted at trial. Officer Kenner gave testimony at the trial concerning his involvement in the investigation of the burglary in 2000 and his interview with Joshua Snyder. In addition, Arleen Beatty gave testimony concerning the authenticity and accuracy of the certified copy of the prior adjudication of guilt of Joshua Snyder. No objection was made at trial regarding the admission of testimony by either of these witnesses. We therefore review the admission of this evidence under a plain error standard. "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). The rule requires that a reviewing court find three things in order to correct an error without a timely objection to the error at trial. First, there must be an error. Second, the error must be an obvious defect in the trial proceedings. Finally, the error must have affected substantial rights, which has been interpreted to mean that the trial court's error must have affected the outcome of the trial.State v. Barnes (2002), 94 Ohio St.3d 21, 2002-Ohio-68, 759 N.E.2d 1240. We find no plain error on the part of the trial court in allowing the testimony of Officer Kenner or Arleen Beatty.
 {¶ 14} Officer Kenner interviewed Joshua Snyder regarding the burglary of the residence at 500 N. Madriver in June of 2000. Joshua gave a statement to Officer Kenner in which Joshua indicates his knowledge of the layout of the residence and the location of guns and valuables within the residence. Joshua admitted to Officer Kenner how he gained entry into the residence and access into the gun cabinet. The facts surrounding the burglary in 2000 and the facts surrounding the current charge of complicity to commit burglary are strikingly similar. The burglary in the current case involved the same residence as the burglary in 2000. In the current case, the boys who entered the residence at 500 N. Madriver went directly to the master bedroom where they opened the gun cabinet and took the valuable coin collection that was located within. The majority of the residence was left undisturbed and, as evidence and testimony at trial showed, the boys knew where they were going when they entered the residence. The testimony of Officer Kenner relaying Joshua Snyder's knowledge of the residence and the location of valuables within the residence was relevant to the issue of proving complicity to commit burglary in the current case. In addition, the testimony of Arleen Beatty was simply to authenticate the certified copy of the prior adjudication being offered into evidence by the State. Therefore, we find no error on the part of the trial court in allowing the testimony of Officer Kenner or Arleen Beatty.
 {¶ 15} However, even if the prior bad acts evidence is probative of a material issue at trial, the evidence will not be admitted if such evidence is unfairly prejudicial or serves to confuse the issues or mislead the jury. Joshua Snyder contends that the admission of the prior bad acts evidence had an influence on the jury to the degree that the jury found Joshua guilty of the offenses in this case because of the evidence presented that Joshua had been adjudicated guilty of a prior burglary offense.
 {¶ 16} The evidence of Joshua Snyder's involvement in the charges of complicity to commit burglary, complicity to commit theft and receiving stolen property in this case was substantial. Joshua Snyder's three co-defendants testified against him at trial and all three placed Joshua in the residence at the time of the burglary. In addition, Joshua's own statements indicate he knew of the plan to burglarize the residence before he knocked on the door. Joshua Snyder also had possession of at least one of the stolen coins at the time of his arrest at the home on N. Elm Street. There was sufficient evidence presented at the trial that showed the involvement of Joshua Snyder in the burglary. The certified copy of Joshua's prior adjudication for burglary of the same residence and his written statements from that investigation were admitted for the purpose of showing knowledge and plan only. The testimony of Officer Kenner and Arleen Beatty gave little more to the jury than those pieces of evidence. Furthermore, the jury was properly given a limiting instruction regarding the use of the prior bad acts evidence. The trial court charged the jury as follows:
You have heard testimony from Officer Blake Kenner and the Court's own Chief Juvenile Clerk Arleen Beatty regarding a prior burglary of which Josh Snyder was convicted regarding the same residence as in this case. Both counsel referred to that during their closing statements. I caution you that you may not infer from that evidence that you heard from those witnesses that because Josh was convicted of that burglary, it automatically means he is guilty of this charge.
It is a rare circumstance in the criminal law when the Court allows other acts to be admitted into a court of law before a jury as we did in this particular case.
You may though in a very limited fashion infer that regarding the admissibility of that evidence that it may have the purpose of proving motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident on part of Josh Snyder (sic).
December 18, 2002, Tr. 67-68. The limiting instruction by the court was properly administered and we have no reason to believe that it was not followed by the jury.
 {¶ 17} Furthermore, we hold that the evidence in this case showing the involvement of Joshua Snyder in the burglary of the residence at 500 N. Madriver is overwhelming, irrespective of the other acts evidence. Therefore, any error by the trial court in admitting the other acts evidence is harmless. Accordingly, we overrule the assignment of error and affirm the judgment of the Court of Common Pleas of Logan County, Juvenile Division.
Judgment affirmed.
WALTERS and SHAW, JJ., concur.