JOURNAL ENTRY AND OPINION
{¶ 1} Mahmoud Njada appeals following his conviction of Sexual Imposition following a jury trial in Lakewood Municipal Court. He claims error in the admittance of "other acts" evidence by two witnesses. We affirm.
 {¶ 2} The record reveals that in April 2002, Mahmoud Njada ("Njada") boarded a small circulator bus at the intersection of Warren and Madison Road in Lakewood. After boarding the bus, he passed several rows of empty seats and proceeded to approach three young girls: thirteen-year-old B.N., thirteen-year-old H.G., and fourteen-year-old K.Z. He introduced himself, asked the girls' names and where they went to school, and began kissing their hands, ultimately licking and french kissing K.Z.'s hand. He then sat next to B.N., told her how pretty she was and placed his hand on her thigh and began rubbing it. She immediately pushed his hand away, moved to the front of the bus, and sat directly behind the bus driver.
 {¶ 3} Njada then proceeded to have a sexual conversation with the remaining girls, asking them if they had ever had sex, and if they would be interested in having sex with him. The girls remained in their seats for several minutes, but when the next bus stop approached, they pulled the bus cord to indicate this was their stop. When they stood up to leave, Njada followed. However, instead of exiting, the girls went to the front of the bus, sat next to B.N. and waited for Njada to exit. They waited until the next bus stop before exiting and went into a fast food restaurant to wash their hands from Njada's saliva. When they left the restaurant, they again saw Njada on the street corner and called 9-1-1.
 {¶ 4} After receiving a description from the girls, the police located Najda, but when they approached to question him, he ran to catch the next Circulator bus. When he missed the bus, Officer Charles Obrock approached Njada with the girls' allegations. Njada denied touching or kissing the girls, but, sensing that he was intoxicated, Officer Obrock arrested him. He was then charged with one count of sexual imposition as against B.N., and, following a jury trial, Njada was found guilty and sentenced to sixty days in jail with time suspended, five years' probation, and a $500 fine. He appeals the verdict and raises a single assignment of error which states:
"THE TRIAL COURT ERRED IN PERMITTING INTRODUCTION OF `OTHER ACTS'EVIDENCE OF APPELLANT'S BAD CHARACTER WHICH OCCURRED AFTER THE DISPUTEDSEXUAL IMPOSITION, DID NOT INVOLVE THE ALLEGED VICTIM AND WAS NOT OFFEREDTO PROVE ABSENCE OF MISTAKE OF THE APPELLANT AS ARGUED BY THEPROSECUTION."
 {¶ 5} Njada was convicted of violating Lakewood City Ordinance 533.04, Sexual Imposition, which states:
"No person shall have sexual contact with another, not the spouse ofthe offender, knowing that the sexual contact is offensive to the otherperson or is reckless in that regard."
 {¶ 6} Njada claims that the testimony of H.G. and K.Z. was impermissible under Evid.R. 404 and R.C. 2945.59 as "other acts" character evidence. The state, however, contends that it was necessary to prove Njada's lack of mistake and that his intent in touching B.N. was for sexual gratification.
 {¶ 7} Generally, extrinsic acts may not be used to suggest that the accused has the propensity to act in a certain manner. Evid.R. 404(B);State v. Smith (1990), 49 Ohio St.3d 137, 140. However, Evid.R. 404(B) allows such evidence where it is offered to show "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Further, R.C. 2945.59, provides in pertinent part,
"In any criminal case in which the defendant's motive or ntent * * * ismaterial, any acts of the defendant which end to show his motive orintent, the absence of mistake or accident on his part, or thedefendant's scheme, plan, or system in doing the act in question may beproved, whether they are contemporaneous with or prior or subsequentthereto, notwithstanding that such proof may show or tend to show thecommission of another crime by the defendant."
 {¶ 8} Moreover, and as the Ohio Supreme Court has held, "[t]he other acts of the defendant must have such a temporal, modal and situational relationship with the acts constituting the crime charged that evidence of the other acts discloses purposeful action in the commission of the offense in question." State v. Burson (1974), 38 Ohio St.2d 157, 159. The evidence is then admissible to the extent it may be relevant in showing the defendant acted in the absence of mistake or accident. Burson,
supra.
 {¶ 9} The victim testified that she was on the bus with Njada for approximately ten minutes. Immediately upon boarding the bus, Njada kissed her hand, sat next to her and rubbed her thigh. When she moved to the front of the very small bus, she could still overhear the conversation between Njada and her friends. The facts provided by H.G. and K.Z. were part of the entirety of the acts occurring on a very small circulator bus and were contemporaneous with the crimes charged. Although Njada citesState v. Hector (1969), 19 Ohio St.2d 167, to support the inadmissibility of H.G. and K.Z.'s testimony, the "other acts" evidence in Hector
involved the admission of testimony of other robberies committed by the defendant days and weeks before the offense for which he was on trial.
 {¶ 10} This assignment of error lacks merit.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lakewood Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese Jr., P.J., And McMonagle, J., Concur.