{¶ 81} I write separately because I cannot concur with the majority's analysis of Appellant's second assignment of error. In that assignment of error, Appellant argues the trial court improperly allowed the State to introduce evidence of prior bad acts. The majority disagrees, claiming that the evidence could be properly introduced "to demonstrate appellant's participation in the life of drugs with his girlfriend." Opinion at ¶ 53. But this conclusion is directly contrary to Evid.R. 404(B)'s prohibition against using evidence of prior bad acts to prove a person's character. Nevertheless, I agree that any error in this regard would be harmless, given the facts of this case, and would affirm Appellant's conviction.
 {¶ 82} Evid.R. 404(B) prohibits the use of prior bad acts to prove a person's character and that they acted in accordance with that character, but allows this evidence to be used for different reasons. It provides:
 {¶ 83} "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 84} The exceptions within this Rule have been codified in R.C. 2945.59, which states:
 {¶ 85} "In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."
 {¶ 86} Both R.C. 2945.59 and Evid.R. 404(B) are to be strictly construed against the State and conservatively applied by trial courts. State v. DeMarco (1987), 31 Ohio St.3d 191,194. Thus, this evidence is not admissible unless it tends to show by substantial proof one of the issues enumerated. State v.Broom (1988), 40 Ohio St.3d 277, 282. Furthermore, courts cannot admit these acts into evidence merely because the State asserts a proper purpose for it; the matter sought to be proved by this kind of evidence must genuinely be at issue in the case. Statev. Hawn (2000), 138 Ohio App.3d 449, 462. Under the statute and Rule, evidence of prior bad acts "is admissible, not because it shows that the defendant is crime prone, or even that he has committed an offense similar to the one in question, but in spite of such facts." State v. Burson (1974), 38 Ohio St.2d 157, 158.
 {¶ 87} In this case, Appellant's girlfriend testified that she let Appellant drive her car, even though he does not have a driver's license, except for when she is in the possession of illegal drugs. She was afraid that if he were driving at that time, the police may have an excuse to search the car and found drugs on both of them. Thus, the prior bad act Appellant objects to is his girlfriend's testimony that he had probably possessed illegal drugs in the past.
 {¶ 88} The majority concludes that the evidence "tends to show absence of mistake or accident on appellant's part." Opinion at ¶ 53. However, these were not genuine issues at trial. Appellant argued that the drugs in the apartment did not belong to him, not that he mistakenly or accidentally possessed them. Since the exceptions within the statute and Rule are to be strictly construed against admissibility, this court cannot excuse the trial court's admission of this evidence because of issues which were not being genuinely disputed at trial.
 {¶ 89} The majority also states that this evidence "shows their system in doing the acts in question." Id. But Appellant's scheme, plan, or system is irrelevant given the facts and issues involved in the trial. Appellant was convicted of drug possession because he was found in an apartment surrounded by illegal drugs. There was no plan involved in the facts of this case. Accordingly, Appellant's "system" in possessing the drugs is not a genuine issue in this case and thus cannot be a valid reason for introducing this evidence.
 {¶ 90} The majority's analysis could lead to the conclusion it is approving of the admission of the evidence that Appellant possessed drugs in the past because it shows that he possessed the drugs in question in this case. The majority states that this testimony shows Appellant's "participation in the life of drugs with his girlfriend * * * [because] they lived together, they hung out together, they used drugs together, and they sold drugs together." Opinion at ¶ 53. "[B]y demonstrating that appellant and Brown used drugs together and carried drugs together in the past, appellee was able to show that appellant was well aware of, and that they generally shared drugs." Id. It would be improper for this court to affirm the trial court's admission of this evidence for this reason and I do not believe the majority is doing so. However, the fact that the majority's opinion could be read in this manner shows the tenuous nature of its rationale. Since we must strictly construe the rules governing prior bad acts against admissibility and such evidence is only admissible when it tends to show a genuine issue at trial by substantial proof, I do not believe we should stretch the statutory exception to Evid.R. 404(B)'s prohibition of prior bad acts to rationalize the trial court's decision to admit this evidence.
 {¶ 91} Nevertheless, as stated above, the trial court's decision to admit this evidence in this case was harmless for the reasons stated at ¶ 54-58 of the majority's opinion. Appellant's conviction should be affirmed.