{¶ 53} Although I concur in the opinion Judge Brogan has written for the court in all other respects, I disagree with its conclusion that the trial court committed error, albeit harmless error, when it admitted the testimony of K.B. that, not long after the alleged criminal offenses against E.D., O'Dell asked K.B. to have sex with him.
 {¶ 54} Evid. R. 404(B) permits evidence of other crimes, wrongs, or acts if that evidence is admitted, not to prove the character of the accused, but for other purposes, one of which is proof of motive.
 {¶ 55} "Motive has been defined as `a mental state which induces an act; the *Page 20 
moving power which impels action for a definite result.' Smith [v.Burson (1974), 38 Ohio St.2d 157, 311 N.E.2d 526]. Because it is assumed that human conduct is prompted by a desire to achieve a specific result, motive is generally relevant in criminal trials even though the matter involved is not an element of the offense which the prosecution must prove to secure a conviction. Id. It is, unless readily evident from the accused's conduct, a part of the narrative of the state's theory of its case against the accused seeking to prove his criminal liability."State v. Ratliff, Montgomery App. No. 19684, 2003-Ohio-6905, ¶ 20.
 {¶ 56} In this case, O'Dell's having propositioned K.B. for sex shortly after his alleged conduct towards E.D. supports an inference that O'Dell was animated during that time-frame by libidinal impulses that gave him a motive for his sexual assault upon E.D. That O'Dell was under the animating influence of this motive is evidence tending to make it more likely that he committed the offense. This is why proof of motive is admissible even when intent is not an element of the offense. The State is not required to prove motive, but it may offer proof of motive, since the existence of a motive to commit the act of which a defendant is accused is probative of whether that act was, in fact, committed.
 {¶ 57} Accordingly, I conclude that the trial court did not commit error when it admitted this evidence. *Page 1