[Cite as *State v. Perrine*, 2024-Ohio-6082.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Craig R. Baldwin, J.<br>Hon. Andrew J. King, J. |
| -vs- | |
| | Case No. 2024 CA 00044 |
| DAVID A. PERRINE | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDINGS:        Appeal from the Licking County Court of
                                 Common Pleas, Case No. 2023 CR 213


JUDGMENT:                        Affirmed

DATE OF JUDGMENT ENTRY:          December 30, 2024


APPEARANCES:


For Plaintiff-Appellee                    For Defendant-Appellant

JENNY WELLS, ESQ.                         CHRIS BRIGDON
Licking County Prosecuting Attorney       Brigdon Law, LLC
                                          8138 Somerset Road
KENNETH W. OSWALT, ESQ.                   Thornville, Ohio 43076
Assistant Prosecuting Attorney
20 S. Second Street, 4th Floor
Newark, Ohio 43055

*Hoffman, P.J.*

{¶1} Defendant-appellant David Perrine appeals the judgment entered by the Licking County Common Pleas Court convicting him following jury trial of aggravated murder (R.C. 2903.01(A)), murder (R.C. 2903.02(A)), tampering with evidence (R.C. 2921.12(A)(1)), abuse of a corpse (R.C. 2927.01(B)), and two counts of theft (R.C. 2913.02(A)(1)), and sentencing him to an aggregate term of incarceration of life without possibility of parole. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} Appellant's mother, Debra Perrine, was reported missing in December of 2022. When friends and family attempted to contact Debra's cell phone, Appellant answered. He gave conflicting stories about Debra's whereabouts, saying she was in Florida or at a clinic. Appellant told Debra's grandson Debra was no longer with them.

{¶3} On December 18, 2022, police made a welfare check on Debra at the residence she shared with Appellant. No one answered the door, although the GPS on Appellant's phone indicated he was in the house. Officers made a second welfare check on December 22, 2022. Again, no one answered the door, but police noticed a light go off inside the house. Officers called Debra's phone, and Appellant answered. He claimed he was in Granville and told officers his mother was in Florida. He later admitted to being inside the house at the time. On December 23, 2022, Appellant told police Debra might be with Tina or Jimmy, but claimed he did not have either of their phone numbers, despite the fact he had possession of Debra's phone. While having Debra's phone in his possession, Appellant sent text messages from his own phone to Debra's phone.

{¶4} Debra's body was found buried under a blanket in the backyard of the home on December 29, 2022. After searching the house and evaluating the evidence,

investigators determined Debra was likely struck in the head with a Playstation, which they found in a firepit, with pieces found in the living room. Evidence of blood in the home suggested Debra fled from her attacker to her bedroom, where she was repeatedly stabbed to death in her bed. Foam was cut out of the blood-saturated mattress, with pieces found in the laundry room trash and near Appellant's car in the garage. A knife was found with Appellant's DNA on the handle. Appellant's boots matched a print found on the mattress foam, showed signs of having been used for digging, and included the victim's blood and DNA. In addition, Appellant's DNA was found on the inside of the mattress foam. Police also found a notebook in which someone had written, "I will kill her. I really don't think she thinks I will. I can't believe how stupid I've been." Tr. 698-700.

{¶5} During the time Debra's whereabouts were unknown, Appellant used her vehicle, made purchases using her credit and debit cards, and forged a check in her name.

{¶6} Appellant was indicted by the Licking County Grand Jury with aggravated murder (R.C. 2903.01(A)), murder (R.C. 2903.02(A)), tampering with evidence (R.C. 2921.12(A)(1)), abuse of a corpse (R.C. 2927.01(B)), two counts of identity fraud (R.C. 2913.49(B)(1,), (2)) and two counts of theft (R.C. 2913.02(A)(1)). The State dismissed the two counts of identity fraud prior to trial.

{¶7} Appellant filed a motion in limine to exclude recordings of telephone calls he had previously made while incarcerated. The calls dated from January 19, 2019 through October 14, 2021. In the calls, Appellant expressed his hatred for his mother and his intent to kill her. The trial court overruled the motion in part and granted the motion

in part. The trial court held statements made within a two-year period of December 17, 2022, the date of the offense as alleged in the indictment, were admissible. The trial court excluded from evidence all statements made prior to December 17, 2020. Tr. 161.

**{¶8}** The case proceeded to jury trial. Appellant was convicted of all charges. The trial court found the convictions of murder and aggravated murder merged, and the State elected to have Appellant sentenced for aggravated murder. The trial court sentenced Appellant to a term of life imprisonment without possibility of parole for aggravated murder, thirty-six months incarceration for tampering with evidence, twelve months incarceration for gross abuse of a corpse, and twelve months for each theft conviction, to be served concurrently for an aggregate term of life imprisonment without possibility of parole. It is from the April 17, 2024 judgment of the trial court Appellant prosecutes his appeal, assigning as error:

I. THE TRIAL COURT ERRED IN ALLOWING THE ADMISSION OF TESTIMONIAL AND AUDIO EVIDENCE CONCERNING ALLEGATIONS OF PRIOR MISCONDUCT BY THE APPELLANT, IN VIOLATION OF OHIO EVID. R. 404(B). THE INTRODUCTION OF THIS EVIDENCE WAS PREJUDICIAL, IRRELEVANT, AND IMPROPERLY USED TO SUGGEST THAT THE APPELLANT ACTED IN CONFORMITY WITH PRIOR ACTS TO PROVE GUILT REGARDING THE CHARGED OFFENSES.

II. THE TRIAL COURT ERRED IN FAILING TO EXCLUDE THE AFOREMENTIONED EVIDENCE UNDER OHIO EVID. R. 403, AS ITS PROBATIVE VALUE WAS SUBSTANTIALLY OUTWEIGHED BY ITS

UNFAIR PREJUDICIAL EFFECT. THE INTRODUCTION OF THIS EVIDENCE MISLED THE JURY AND DISTRACTED FROM THE CENTRAL ISSUES OF THE CASE, CAUSING UNDUE PREJUDICE AGAINST THE APPELLANT.

I.

**{¶9}** In his first assignment of error, Appellant argues the trial court erred in admitting into evidence threats he made against his mother in calls from the jail, as the evidence constituted prior bad acts evidence inadmissible pursuant to Evid. R. 404(B).

**{¶10}** Appellant points to four statements he argues were improperly admitted in the instant case, citing to the prosecutor's argument in opposition to the motion in limine:

"I'll come out and fucking kill you."

"I'm going to cut off your fucking head."

"If my shit's gone, I'm going to kill you myself."

"Don't bury me in the backyard." (statement made by the victim, not Appellant).

**{¶11}** Tr. 156-58.

**{¶12}** It appears several of these statements were included in recordings excluded from evidence by the trial court. Nevertheless, because substantially similar threats appear throughout the admitted recordings, we will address all of the threats Appellant made to kill his mother on the merits.

**{¶13}** "A trial court is vested with broad discretion in determining the admissibility of evidence in any particular case, so long as such discretion is exercised in line with the rules of procedure and evidence." *Rigby v. Lake Cty.,* 58 Ohio St.3d 269, 271(1991).

**{¶14}** Evid. R. 404(B) provides in pertinent part:

> **(B) Other Crimes, Wrongs or Acts**.
>
> *(1) Prohibited Uses.* Evidence of any other crime, wrong or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> *(2) Permitted Uses; Notice.* This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

**{¶15}** The defendant's other act "must have such a temporal, modal and situational relationship with the acts constituting the crime charged that evidence of the other acts discloses purposeful action in the commission of the offense in question." *State v. White*, 2015-Ohio-2512 ¶33, (2nd Dist.), *citing State v. Snowden*, 49 Ohio App.2d 7, 10 (1st Dist. 1976), *citing State v. Burson*, 38 Ohio St.2d 157 (1974). Consequently, an act too distant in time has no probative value to the charged crime. *Id.* Evidence of a defendant's threats, violence, or other behavior in the months preceding a murder is probative of the defendant's motive or intent. *State v. Nields*, 93 Ohio St.3d 6, 22, (2001).

**{¶16}** There does not appear to be a hard and fast rule in Ohio case law on the age of admissible threats made from an offender directly to a victim of violence. *White* at

¶ 37.  In *White*, the court found the trial court did not abuse its discretion in admitting evidence of threats made directly to the victim two years prior to the crime.  In *State v. Cruse*, 2008-Ohio-4039 (5th Dist.), this Court held "threats and incidents in this case, which were limited to the six to eight-month period prior to the murder, were not so removed in time as to have no probative value and tended to show appellant acted with purpose to kill her husband." *Id.* at ¶ 55.

{¶17}  Appellant argues the statements made up to two years before his mother was killed are not temporal and therefore not probative of his intent to kill.  He further argues the statements were taken out of context, and were joking statements made about his mother's emphysema.

{¶18}  Although the threats admitted in the jail calls were made one to two years prior the victim's death, we find Appellant's repeated direct threats to kill the victim while talking to her on the phone are directly probative of motive, plan and intent.  Extensive evidence was presented by the State regarding ongoing acrimony between Appellant and his mother, and the fear of his mother and others Appellant would kill her.  Although Appellant argues the statements in the phone calls were taken out of context, we find this argument goes to the weight to be given the evidence, and not to its admissibility.  We find the trial court did not err in admitting evidence of past threats Appellant made to kill his mother under Evid. R. 404(B).

{¶19}  The first assignment of error is overruled.

II.

{¶20}  In his second assignment of error, Appellant argues the trial court erred in failing to exclude his threats in the jail calls under Evid. R. 403(A), which provides,

"Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."

**{¶21}** Appellant argues the probative value of the threats is substantially outweighed by the danger of unfair prejudice. In reaching a decision involving admissibility under Evid.R. 403(A), a trial court must engage in a balancing test to ascertain whether the probative value of the offered evidence outweighs its prejudicial effect. *State v. Hymore*, 9 Ohio St.2d 122, (1967), paragraph seven of the syllabus. In order for the evidence to be deemed inadmissible, its probative value must be minimal and its prejudicial effect great. *State v. Morales*, 32 Ohio St.3d 252, 258, (1987). Furthermore, relevant evidence which is challenged as having probative value that is substantially outweighed by its prejudicial effects "should be viewed in a light most favorable to the proponent of the evidence, maximizing its probative value and minimizing any prejudicial effect" to the party opposing its admission. *State v. Maurer*, 15 Ohio St.3d 239, 265 (1984).

**{¶22}** We find the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. The evidence at issue is direct evidence of Appellant threatening to kill the victim, which is probative of his intent to kill her. While Appellant argues the threats were made one to two years before the murder, and the statements in the jail calls were taken out of context, we find this argument goes to the weight to be given the evidence, not to its admissibility.

**{¶23}** The second assignment of error is overruled.

**{¶24}** The judgment of the Licking County Common Pleas Court is affirmed.


By: Hoffman, P.J.

Baldwin, J.  and

King, J. concur